# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2021

Lyle W. Cayce
Clerk

No. 20-51019
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Shelly Mixon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 7:18-CR-175-2

Before Smith, Stewart, and Willett, *Circuit Judges*.

Per Curiam:*

Shelly Mixon, federal prisoner #12079-480, appeals the denial of her 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Mixon contends that the district court erred in failing to find that her medical conditions, in combination with the COVID-19 pandemic, constitute extraordinary

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-51019

and compelling circumstances justifying release.  She also asserts, for the first time, that release is warranted because she is the only available caregiver for her ailing mother.  Because the caregiving issue was not raised in the district court as a basis for granting compassionate release, we will not consider it. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

We review for abuse of discretion the denial of a prisoner's motion for compassionate release.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).  In ruling on such a motion, a district court is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in [18 U.S.C.] § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The district court denied Mixon's motion because it found no compelling or extraordinary reasons for a sentence reduction, and, alternatively, because the § 3553(a) factors did not weigh in favor of a reduction.  Mixon's contentions on appeal are addressed exclusively to the averment that she demonstrated extraordinary and compelling circumstances; she does not brief any argument addressing the assessment of the § 3553(a) factors and has thus failed to identify any error of law or to demonstrate a clearly erroneous assessment of the evidence.  *See Chambliss*, 948 F.3d at 693; *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

The order denying compassionate release is AFFIRMED.